UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES YATES,<br><br>        Defendants.<br>_____/ | CV F   04 5547 AWI LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

William Gonzalez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 9, 2004, naming Warden Yates, MTA Haven, MTA Brewer, Dr. Kushner, and Correctional Officer Aguirre as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that while housed at Pleasant Valley State Prison (PVSP) he slipped and fell on a wet, mopped floor and injured his head and body. Plaintiff states that there were no signs posted alerting people that the floor was wet. Plaintiff then states that MTA Haven twisted his neck following the fall and injured him further. MTA Brewer refused to give Plaintiff medication ordered by a doctor upon his return from the hospital, and that Dr. Kushner write him a chrono for a lower bunk but that a copy was not given to him so he could not get reassignment to a lower bunk. Plaintiff remained assigned to a higher bunk and fell out of the bed and again injured his head and body. Plaintiff states that the chrono was not issued to him until 28 days later. Plaintiff indicates that he has been diagnosed with vertigo as a result of his injuries. Plaintiff is seeking monetary damages for negligence of medical staff and for pain and suffering.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### *2. Warden Yates*

Here, Plaintiff names Warden Yates as a Defendant but he fails to allege any facts linking Warden Yates to an act or omission giving rise to a deprivation. Thus, he fails to state a claim for relief against Warden Yates. To the extent Plaintiff is trying to allege supervisory liability on the part of the Warden, the Court will provide him with the relevant law.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit,

507 U.S. 163, 168 (1993).

As noted above, Plaintiff has not alleged any facts linking Defendant Yates to an alleged deprivation. Accordingly, Plaintiff fails to state a claim for relief against Defendant Yates.

### 3.  MTA Haven

Plaintiff states in his Complaint that MTA Haven twisted his neck injuring him further and causing a collar to be placed on him. (Complaint at 3.)

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

1990).

In this case, although Plaintiff alleges that Defendant Haven twisted his neck, he fails to allege facts that Defendant Haven knew of and disregarded an excessive risk to his health. Thus, he fails to state a claim under the Eighth Amendment for deliberate indifference to serious medical need. It appears, from Plaintiff's prayer for relief that he may be attempting to allege a negligence claim against Defendant Haven; to that extent, the following law applies.

"To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (*citing* to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted).

"[The] standard of care, which is the basic issue in malpractice actions, can be proven only by expert testimony. Hutchinson, 838 F.2d at 392. In order to defeat defendant's motion for summary adjudication on his state law claim, plaintiff *must* come "forward with conflicting expert evidence." Hutchinson, 838 F.2d at 392-93.

In addition, Plaintiff must note that a medical negligence claim is a state law claim.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here, Plaintiff fails to state a claim under state law as he fails to allege facts sufficient to state a prima facie case of negligence. Accordingly, this claim must be dismissed with leave to amend.

### 4. MTA Brewer

Plaintiff alleges that Defendant Brewer refused to give him medication ordered by the Doctor at the hospital. As in the case above, to establish an Eighth Amendment claim of deliberate indifference, Plaintiff must allege that the defendant "knew of and disregarded" an excessive risk to his health. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here, however, Plaintiff's allegation is conclusory. Plaintiff provides insufficient facts regarding whether Defendant Brewer knew of and disregarded a risk to Plaintiff's health if he did not get the medication. Plaintiff further provides no information regarding the type of medication, the purpose for which the medication was prescribed.[1] Accordingly, Plaintiff fails to state a claim for relief against Defendant Brewer.

### 5. Defendant Dr. Kushner

Plaintiff next states that Dr. Kushner wrote him a chrono for a lower back but that he was not given a copy of it. As a result, he could not get assigned to a lower bunk and injured himself again. Plaintiff states that he received a copy of the chrono 28 days later.

Here, Plaintiff's allegation is vague in that he states merely that Dr. Kushner wrote him a chrono. Plaintiff fails to link Dr. Kushner to any act or omission that gives rise to an Eighth Amendment claim for deliberate indifference. Again, to establish an Eighth Amendment claim of deliberate indifference, Plaintiff must allege that the defendant "knew of and disregarded" an excessive risk to his health. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff presents no such allegation in this case and thus, does not state a claim for relief.

---

[1] The Court notes that Plaintiff uses the term "ordered" which may be different from a Doctor prescribing a certain medication.

### *6. Correctional Officer Aguirre*

Plaintiff alleges in his complaint that C/O Aguirre was the first individual to respond when Plaintiff fell on the wet floor. Other than this, Plaintiff provides no facts linking Defendant Aguirre to any act or omission giving rise to a cognizable claim for relief under Section 1983. Accordingly, this claim must also be dismissed.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

|   |   |   |
|---|---|---|
| 1 |   | complaint form; |
| 2 | 2. | The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL: |
|   | a. | File an Amended Complaint curing the deficiencies identified by the Court in this Order, or |
|   | b. | Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. |

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   July 13, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE